UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE:  Sharon Marie Wilkins : | Chapter 13 |
| Debtor : | |
| : | 23-10966 |
| Sharon Marie Wilkins, : | |
| Objector : | Re. Claim No. 12 |
| v. : | |
| Midland Credit Management, Inc. : | |
| Respondent / Claimant : | |

**OBJECTION TO AMENDED PROOF OF CLAIM**

COUNT ONE: INCONSISTENT AND INSUFFICIENT DOCUMENTION
THAT CLAIMANT IS THE REAL PARTY IN INTEREST

1. Objector is Sharon Wilkins, Debtor in the above captioned Bankruptcy.

2. Respondent / Claimant is Midland Credit Management, Inc., a business entity organized under the laws of the State of Kansas, with a registered agent for service of process as follows.

>   Midland Credit Management, Inc.
>   c/o Corporation Service Company
>   2900 SW Wanamaker Drive, Suite 204
>   Topeka, KS  66614.  See attached exhibits.

3. Claimant's principal place of business is located at 350 Camino De La Reina, Suite 100. San Diego, CA  92108, and may be served at the following address.

>   Midland Credit Management, Inc.
>   Attention: Ryan Bell, President
>   350 Camino De La Reina, Suite 100
>   San Diego, CA  92108

4. Claimant may also be served at the following address which is listed on the proof of claim filed in this case.

>   Midland Credit Management, Inc.
>   Attention: Angela Walmsley, Bankruptcy Specialist
>   P.O. Box 2037
>   Warren, MI  48090

5.      Claimant has filed a proof of claim (POC) for an alleged debt for related to "Revolving Credit / Services Rendered." See line 8 of the Proof of Claim. See attached copy of the proof of claim attached as an exhibit to this objection.

6.      Claimant's documents are patiently deficient on their face. Claimant has attached a "BILL OF SALE" to the proof of claim . The so called "BILL OF SALE" pre-dates the date of the charge off by the original creditor.

7.      The so called "BILL OF SALE" references another document not attached to the proof of claim which would have been the true assignment, but claimant did not attach it to the Proof of Claim.

8.      Claimant cannot establish proper chain of assignment of the alleged account when the so called "BILL OF SALE" contains such obvious discrepancies. Claimant cannot establish ownership of the account. Claimant cannot establish that Claimant is the real party in interest.

## COUNT TWO: INSUFFICENT EVIDENCE OF
## THE PURPORTED GOVERNING CONTRACT

9.      The previous paragraphs are incorporated by reference and made a part of this pleading.

10.      Claimant has attached a purported contract / agreement to the amended proof of claim. Claimant contends that such document is the governing contract for the account which is the subject of the POC. See attached exhibits.

11.      The purported contract provided by Claimant is suspicious for reasons including but not limited to the following.

a.      Debtor's signature does not appear on the purported contract.

a.      There is no date on the purported governing contract.

b.      The purported governing contract does not contain Debtor's address, unlike the statements supplied by Claimant which do contain Debtor's address.

c.      Nothing in the record suggests that the purported contract was ever sent to the Debtor or that Debtor received it.

12.      Debtor's Counsel wrote to Claimant requesting documentation of when the purported governing contract was sent to Debtor by the original creditor and when it was received. See attached exhibits.

13.     Claimant has not responded to Debtor's request for documentation of when the purported governing contract was sent to Debtor by the original creditor or when it was received by the Debtor.

14.     The governing contract is an essential writing which is necessary to support the inclusion of interest and fees in the POC.  The proof of claim contains interest and fees which appear to be unsupported by any governing contract legitimately negotiated between the original alleged creditor and Debtor.

15.     Without sufficient evidence of the existence of a valid contract, Claimant has no basis for including interest and other fees which would make the balance.  This Honorable Court has no authority to award an amount based on speculation.

16.     The POC includes interest and other fees and charges which if not based on a valid governing contract are totally invalid.  Therefore any amount which the Court may award would be speculative.  The Court cannot award a speculative amount based on interest, charges or fees not based on contractual authority.

17.     Without a contractual basis for the principal, interest and fees, the amount of the POC is speculative and this Honorable Court has no authority to award an amount based on speculation.


Wherefore, Debtor requests an order sustaining her objection to the proof of claim for lack of documentation.  Debtor requests that the Proof of Claim be stricken and disallowed with prejudice.  Debtor requests such additional relief as this Honorable Court deems just and proper.


/s/ Vicki Piontek                                        7-27-2023
_____          _____
Vicki Piontek, Esquire                                Date
Attorney for Debtor
58 East Front Street
Danville, PA  17821
215-290-6444
Fax: 866-408-6735
vicki.piontek@gmail.com