UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE: Sharon Marie Wilkins | : | Chapter 13 |
| Debtor | : | |
| | : | 23-10966 |
| Sharon Marie Wilkins, | : | |
| Objector | : | Re. Claim No. 12 |
| v. | : | |
| Midland Credit Management, Inc. | : | |
| Respondent / Claimant | : | |

# AMENDED OBJECTION TO AMENDED PROOF OF CLAIM

1. Objector is Sharon Wilkins, Debtor in the above captioned Bankruptcy.

2. Respondent / Claimant is Midland Credit Management, Inc., the purported assignee of the alleged debt in the Proof of Claim (POC) for an alleged debt for related to "Revolving Credit / Services Rendered." See line 8 of the Proof of Claim. See attached copy of the proof of claim attached as an exhibit to this objection.

## APPLICABILITY OF 11 USC 558

3. The previous paragraphs of this pleading are incorporated by reference and made a part of this pleading.

4. Any substantive defense that the Debtor would have under Pennsylvania state law should also be a defense to the proof of claim in this case.

5. Even a procedural defense that the Debtor has under state law should also be a defense in this claim objection. This is consistent with the Erie Doctrine which holds that in federal litigation state procedural laws apply in Federal Courts if they are outcome determinative. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

6.      Debtor wishes to assert certain substantive and procedural defenses under Pennsylvania state law that would apply if the case were litigated in state court. Such defenses are set forth below. The defenses include but are not limited to substantive contract law as well as the laws in Pennsylvania regarding the assignments of debts.

### NECESSITY OF A PROPERLY FILED PROOF OF CLAIM

7.      The previous paragraphs of this Complaint are incorporated by reference.

8.      Only a properly filed proof of claim enjoys a presumption of validity.

9.      A vague or ambiguous proof of claim is not a properly filed proof of claim and thus does not enjoy a presumption of validity. See Klemick v. eCast, United States Bankruptcy Court for the Middle District of Pennsylvania, 04-55010 (2006), and United States District Court for the Middle District of Pennsylvania. 06-CV-2252 (2007).

10.     Vagueness or ambiguity may not negate the proof of claim, but at the very least may provide cause for the Court to order the Claimant to amend the Proof of Claim. See Klemick v. eCast, United States Bankruptcy Court for the Middle District of Pennsylvania, 04-55010 (2006), and United States District Court for the Middle District of Pennsylvania. 06-CV-2252 (2007).

### COUNT ONE: INSUFFICIENT DOCUMENTATION OF ASSIGNMENT

11.     Claimant has attached a so called "BILL OF SALE" dated 10/10/2022 to the proof of claim.

12.     The so called "BILL OF SALE" does not have the Debtor's name or account number on it.

13.     The so called "BILL OF SALE" does not have an account number linked to the Debtor on it.

14.     The so called "BILL OF SALE" references other document called the "Credit Card Account Purchase Agreement," and the so called "Schedule

1." But Claimant has not attached the so called "Credit Card Account Purchase Agreement" no the so called "Schedule 1" to the proof of claim.

15. Debtor has requested the above referenced documents that were referenced but not attached to the Proof of Claim, but Claimant refuses to produce it.

16. Claimant has also attached a so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" dated 8/17/2022 to the proof of claim,

17. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not have the Debtor's name or account number on it.

18. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not have an account number linked to the Debtor on it.

19. The true underlying assignment documents such as the "Credit Card Account Purchase Agreement" and the "Schedule 1" are "writings" within the meaning of Federal Rule of Bankruptcy procedure 3001. Failure to provide such documentation should be fatal to the claim. Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Wettick, J.-May 10, 2011. Also see Federal Rule of Bankruptcy procedure 3001.

20. Without attaching all of the relevant documents Claimant cannot establish ownership of the account. Claimant cannot establish that Claimant is the real party in interest.

## COUNT TWO: INSUFFICENT EVIDENCE OF
## THE PURPORTED GOVERNING CONTRACT

21.     The previous paragraphs are incorporated by reference and made a part of this pleading.

22.     Claimant has attached a purported contract / agreement to the amended proof of claim. Claimant contends that such document is the governing contract for the account which is the subject of the POC. See attached exhibits.

23.     The purported contract provided by Claimant is suspicious for reasons including but not limited to the following.

a.     Debtor's signature does not appear on the purported contract.

a.     There is no date on the purported governing contract.

b.     The purported governing contract does not contain Debtor's address, unlike the statements supplied by Claimant which do contain Debtor's address.

c.     Nothing in the record suggests that the purported contract was ever sent to the Debtor or that Debtor received it, nor the date on which it was sent or received.

24.     Debtor's Counsel wrote to Claimant requesting documentation of when the purported governing contract was sent to Debtor by the original creditor and when it was received. See attached exhibits.

25.    Claimant has not responded to Debtor's request for documentation of when the purported governing contract was sent to Debtor by the original creditor or when it was received by the Debtor.

26.     Claimant argues in it s answer to Debtor's claim objection that Debtor's use of the account and subsequent payment equals her agreement to the balance. This argument is often referred to as the "account stated" theory. See Target National Bank v. Samanez Allegheny County Court of Common Pleas, AR06-0094 18 (2007).

27.     Claimant's "account stated" theory is negated by the fact that the statements which Debtor paid on do not clearly state and explain all fees. The statements upon which Debtor paid do mention interest but not all finance charges such as the $280.00 in "fees" appear to on the statements.

28.     The principal balance on the POC is $271.38. An additional amount of $72.19 is added as interest. Finally and additional amount of unspecified "fees" of $280.00 has been added onto the principal balance. The statements do not mention the $280.00 in "fees" which cannot be covered under the "account stated" theory.

29.     Because such amounts are not specified on the statements provided by Claimant, Claimant's "account stated" argument fails. See Target National Bank v. Samanez Allegheny County Court of Common Pleas, AR06-0094 18 (2007).

30.     The governing contract is an essential writing which is necessary to support the inclusion of interest and fees in the POC. The proof of claim contains interest and fees which appear to be unsupported by any governing contract legitimately negotiated between the original alleged creditor and Debtor.

31.     Without sufficient evidence of the existence of a valid contract or writing, Claimant has no basis for including interest and other fees which would make the balance. This Honorable Court has no authority to award an amount based on speculation from an improperly filed vague and ambiguous proof of claim.

Wherefore, Debtor requests an order sustaining her objection to the proof of claim for lack of documentation. Debtor requests that the Proof of Claim be stricken and disallowed with prejudice. In the alternative, Debtor requests a reduction of the amount of the proof of claim to eliminate unsubstantiated interest and / or finance charges and fees. Debtor requests such additional relief as this Honorable Court deems just and proper.

/s/ Vicki Piontek  11-8-2023

_____  _____
Vicki Piontek, Esquire  Date
Attorney for Debtor
58 East Front Street
Danville, PA  17821
215-290-6444
Fax: 866-408-6735
vicki.piontek@gmail.com