IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In RE: Sharon Marie Wilkins | : | Chapter 13 |
| Debtor | : | |
| | : | 23-10966 |
| Sharon Marie Wilkins, | : | |
| Objector | : | Re. Claim No. 12 |
| v. | : | |
| Midland Credit Management, Inc. | : | |
| Respondent / Claimant: | | |

# MOTION IN LIMINE TO
# EXCLUDE CLAIMANT'S DOCUMENTS

## COUNT ONE: "BILL OF SALE"
## ATTACHED TO PROOF OF CLAIM NUMBER 5

1.Claimant has attached a so called "BILL OF SALE" dated 10/10/2022 to the proof of claim.

2.The so called "BILL OF SALE" does not have the Debtor's name or account number on it. None of the supposed supporting documents to the so called "BILL OF SALE" bear Debtor's name.

3.The so called "BILL OF SALE" does not have an account number linked to the Debtor on it. None of the supposed supporting documents to the so called "BILL OF SALE" bear the account number.

4.The so called "BILL OF SALE" references other document called the "Credit Card Account Purchase Agreement," But Claimant has not attached the so called "Credit Card Account Purchase Agreement" to the proof of claim.

5.      Debtor has requested the underlying documents that were referenced in the so called "BILL OF SALE." See attached exhibits. But Claimant refuses to produce such documents.

6.      The so called Bill of Sale should be excluded from trial at any evidentiary hearing on the merits of the case.

## COUNT TWO "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR"

7. Claimant has also attached a so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" dated 8/17/2022 to the proof of claim.

8. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not have the Debtor's name or account number on it.

9. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" does not have an account number linked to the Debtor on it.

10. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" references certain "Transferred Records" none of which were attached to the amended proof of claim or supplied to Debtor's Counsel, despite a duly served document production request having been duly served on claimant's Counsel or about September 10, 2023.

11. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" is not the best evidence of the purported assignment under Federal Rule of Evidence 10092 to prove the content of other documents.

12. The purported "Purchase and Sale Agreement" would be among the best evidence of the assignment of the account if there were an assignment at all. This is consistent with Federal Rule of Evidence 1002 which provides as follows.

> Rule 1002. Requirement of the Original
> An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.

13. The so called "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR" should be excluded from any hearing on the merits of the case.

14. The true underlying assignment documents are "writings" within the meaning of Federal Rule of Bankruptcy procedure 3001. Failure to provide such documentation should be fatal to the claim. Four Seasons Investments, LLC v. Susan Petrucci, No. AR-10-005022I. in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division, Wettick, J.-May 10, 2011. Also see Federal Rule of Bankruptcy procedure 3001.

# COUNT THREE: "DECLARATION BY MATTHEW DOUGLAS GODDARD"

15. The previous paragraphs of this pleading are incorporated by reference.

16. Claimant has filed an Affidavit on 12-14-23 signed by Matthew Douglas Goddard, a senior paralegal with Bread Financial Payments, Inc. signed September 8, 2023. See attached exhibits.

17. The affidavit was not made at the time of the transaction or occurrence, act or omission.

18. The affidavit is not a true business record.

19. The affidavit was made with an eye to litigation.

20. The affidavit is impermissible hearsay in violation of Federal Rule of Evidence 801.

21. The Affidavit does not fall within the business record exception to the hearsay rule of 803(6). See Aamco Transmissions v. Baker United States District Court for the Eastern District of Pennsylvania, 06-CV-05252 (2008).

22. Paragraph 4 of the affidavit commits a gross error in describing the purported original alleged creditor as a Utah state bank with its principal place of business in Utah.

23. Another affidavit filed by said Matthew Goddard in another case (Maranda Grasley) describes Comenity bank as a Delaware State bank with its principal place of business in Delaware. See attached exhibits.

24. See list of Delaware financial institutions from the state of Delaware attached as an exhibits.

25. Based on the contradictions of these two affidavits filed by the same person, "senior paralegal" Matthew Goddard, it is clear that Matthew Goddard does not know the subject matter of his job very well, and is in no position to sign a Declaration with this Honorable Court.

26. The Declaration states that the account was opened on May 19, 2017, and that the purported contract was mailed on or about May 20, 2017. May 20th was a Saturday, so it is improbable that the bank would have mailed the purported contract on a Saturday.

27. It is clear from the Declaration that Matthew Goddard is just guessing and has not bona fide business record at his disposal that shows when the purported contract was ever mailed to the Debtor, Ms. Wilkins.

28. It is clear from the Declaration that Matthew Goddard is probably not the custodian for records of Comenity Bank and cannot authenticate any fo the records that claimant is trying to introduce at trial.

### COUNT FOUR: PURPORTED GOVERNING CONTRACT / CARDHOLDER AGREEMENT OFFERED BY CLAIMANT

29. The previous paragraphs are incorporated by reference.
30. Claimant has attached a purported contract / cardholder agreement to the amended proof of claim. By doing so Claimant stated or implied that such document was the governing contract for the account which is the subject of the POC. See attached exhibits.
31. The purported contract provided filed by Claimant is highly questionable for reasons including but not limited to the following.

32. Debtor's signature does not appear on the purported contract.

33. There is no date on the purported governing contract.

34. The purported governing contract does not contain Debtor's address, unlike the statements supplied by Claimant which do contain Debtor's address.

35. The Proof of Claim does not demonstrate that the purported contract was ever sent to the Debtor or that Debtor received it.

36. There is no account number on the purported contract linking this account to the invoices supplied by Claimant.

37. Debtor's Counsel wrote to Claimant requesting documentation of when the purported governing contract was sent to Debtor by the original creditor and when it was received. See attached exhibits. But Debtor has not provided such information except the above mentioned Declaration of Mathew Goddard which is of no value.

Wherefore, Debtor requests an Order from this Honorable Court excluding the following documents expected to be proffered by Claimant.

a. "BILL OF SALE" attached to the Amended Proof of Claim.

b. "PORTFOLIO LEVEL AFFIDAVIT OF SALE BY ORIGINAL CREDITOR"

c. "DECLARATION BY MATTHEW DOUGLAS GODDARD."

d. An Order from this Honorable Court excluding the purported governing contract / cardholder agreements from any hearing on the merits of this case.

Debtor requests such other relief as this Honorable Court deems proper.

/s/ Vicki Piontek			12-15-2023
_____		_____
Vicki Piontek, Esquire			Date
Attorney for Plaintiff
58 East Front Street, Danville, PA  17821
vicki.piontek@gmail.com
215-290-6444	     Fax: 866-408-6735