**Fill in this information to identify the case:**

Debtor 1  Sharon M Wilkins

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the: Eastern District of Pennsylvania

Case number  23-10966

Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
NORDSTROM, INC.; Jefferson Capital Systems, LLC Assignee
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor  TD Bank

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jefferson Capital Systems, LLC
Name
PO Box 7999
Number     Street
St. Cloud         MN        56302-9617
City             State     ZIP Code

Contact phone  800-928-7314
Contact email  Bankruptcy@JCAP.com

Where should payments to the creditor be sent? (if different)

Jefferson Capital Systems, LLC
Name
PO Box 772813
Number     Street
Chicago          IL        60677-2813
City             State     ZIP Code

Contact phone  800-928-7314
Contact email  Bankruptcy@JCAP.com

Reference # for Payment  3700824029

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
J C P B K R 2 3 1 0 9 6 6 P A E 0 3 7 2 3 1 4 2

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___
                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                          **Proof of Claim**                          page 1

**Part 2:** Give Information About the Claim as of the Date the Case Was Filed

6. **Do you have any number you use to identify the debtor?**
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  3  1  4  2

7. **How much is the claim?**   $_____2,626.00.  **Does this amount include interest or other charges?**
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

   Limit disclosing information that is entitled to privacy, such as health care information.

   Credit Card

9. **Is all or part of the claim secured?**
   ☑ No
   ☐ Yes.  The claim is secured by a lien on property.

   **Nature of property:**
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   **Basis for perfection:** _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   **Value of property:**                  $_____
   **Amount of the claim that is secured:**    $_____

   **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   **Amount necessary to cure any default as of the date of the petition:**   $_____

   **Annual Interest Rate** (when case was filed)_____%
   ☐ Fixed
   ☐ Variable

10. **Is this claim based on a lease?**
    ☑ No
    ☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

11. **Is this claim subject to a right of setoff?**
    ☑ No
    ☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/10/2023
                  MM / DD / YYYY

/s/ Shannon Johnson
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Shannon Johnson
First name  Middle name  Last name

Title: Bankruptcy Specialist

Company: Jefferson Capital Systems, LLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 16 McLeland Rd
Number  Street
St. Cloud                              MN          56303
City                                   State       ZIP Code

Contact phone: 800-928-7314                Email: Bankruptcy@JCAP.com



**CONTACT INFORMATION**

Jefferson Capital Systems, LLC
Phone:   800-928-7314
Email:    Bankruptcy@JCAP.com

***PROOF OF CLAIM - ACCOUNT STATEMENT SUMMARY CREATED*** 06/10/2023

**ACCOUNT NUMBER:** XXXX-XXXX-XXXX-3142                **CASE:** 23-10966

**NAME:** Sharon M Wilkins

**Bankruptcy Rule 3001(c)(2) Balance Statement**

| | |
|---|---|
| Principal Balance | $2,092.53 |
| Interest Balance | $533.47 |
| Fee Balance | $0.00 |
| Total Balance as of Bankruptcy Filing | $2,626.00 |

**Bankruptcy Rule 3001(c)(3)(A) Statement**

| | |
|---|---|
| **Original Creditor** | TD Bank |
| **Purchased From** | N/A |
| **Last Transaction Date** | 09/30/2021 |
| **Last Payment Date** | 09/30/2021 |
| **Charge Off Date** | 05/08/2022 |
| **Open Date** | 10/11/2009 |

*Last Payment Date:*   If no payment was made on the account, the last payment date may be not applicable or the account is considered a first-pay default.  The last payment date may not be available for all accounts.

*Charge Off Date:*   An account may charge off due to a bankruptcy filing or due to non-payment before the bankruptcy filing.

**All information concerning this account is based on records or documentation provided to Jefferson Capital Systems, LLC. To request additional information or documentation with respect to the proof of claim to which it attaches, please contact a claim specialist at 800-928-7314 or at bankruptcy@JCAP.com.  Some documents may no longer be available, may have been lost or destroyed, or otherwise unavailable.**

v.20077

DocuSign Envelope ID: B4169056-4154-4DCB-A91F-974117F13520

DocuSign Envelope ID: 15F8B877-059A-4141-8E42-A69390034509

Exhibit A
LIMITED POWER OF ATTORNEY

1. **Designation.** Nordstrom fsb, a federal savings bank, with its Assignor place of business at 8502 E. Princess Drive, Suite 150, Scottsdale, AZ 85255 ("Assignor"), by and through its **Bank President** designates Johnathan Kirby, Director of Bankruptcy for Jefferson Capital Systems, LLC ("Assignee") or his designee, as its attorney-in-fact for the Assignor for the limited purposes and subject to the terms and duration herein set forth.

2. **Effective Date.** This limited power of attorney shall become effective upon execution by the Assignor, to remain effective for the limited purposes set forth below until terminated by the Assignor or the duration of said limited power of attorney expires.

3. **Effectiveness; Duration.** This limited power of attorney shall continue until revoked or terminated in accordance with Section 5 below.

4. **Powers.** The attorney-in-fact shall have the power to act in the place and stead of the Assignor solely for the purpose of bankruptcy services for a certain portfolio of accounts placed by Assignor to Assignee, a Georgia limited liability company with its offices at 16 McLeland Road, St. Cloud MN 56303, as Transferee; each of which accounts involved the filing of a Proof of Claim in a Chapter 7, 11, 12 or 13 Asset bankruptcy proceeding in one of the United States Bankruptcy Courts. Such powers of the attorney-in-fact shall include the power and authority to do the following:

    a. Submit to the Clerks and or Trustees of the various United States Bankruptcy Courts, the requisite documentation required to effect a transfer of the Proof of Claim previously submitted by the Assignor as Transferor, to Assignee as Transferee, file the Proof of Claim, withdraw the Proof of Claim, and amend the Proof of Claim. This authority includes the authority to submit on behalf of Assignor an Evidence of Claim Transfer and Waiver of Notice and Objection to Transfer Pursuant to Federal Rule of Bankruptcy Procedure 3001(e)(2), as part of the Notice of Transfer process to be submitted by the Transferee pursuant to such rule.

    b. Sign, seal, execute, deliver and acknowledge all written instruments and do and perform each and every act and thing whatsoever which may be necessary and proper to be done in or about the exercise of the power and authority hereinabove granted to the attorney-in-fact as fully to all intents and purposes as the Assignor might or could do if personally present through a designated representative.

5. **Termination.** This power of attorney shall be terminated by the Assignor by written notice to the attorney-in-fact and by recording the written instrument of revocation in the office of the recorder or auditor of the county of the place where the Assignor maintains its registered office.

6. **Reliance.** The attorney-in-fact and all persons dealing with the attorney-in-fact shall be entitled to rely upon this power of attorney so long as neither the attorney-in-fact, nor any person with whom the attorney-in-fact was dealing at the time of any act taken pursuant to this power of attorney, had received actual knowledge or written notice of the termination of the limited power of attorney by revocation or otherwise. Any action so taken unless otherwise invalid or unenforceable, shall be binding on the Assignor and any assigns or transferees of the Assignor.

DATED this 13th day of December.

Nordstrom fsb
By: _____
Name: Christopher Owen
Title: Bank President

ACKNOWLEDGED AND AGREED TO:

Jefferson Capital Systems, LLC
By: _____
Name: David M. Burton
Title: CEO

6